Filed 5/28/14  P. v. Sanns CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059247 |
| v. | (Super.Ct.No. FBA04003) |
| ALEXANDER STEPHEN SANNS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded for reconsideration.

John Evan Edwards under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Michael Pulos, Deputy Attorney General, for Plaintiff and Respondent.

1

Defendant and appellant Alexander Stephen Sanns was sentenced to life in prison without the possibility of parole in 2001, for his involvement in a carjacking and murder. He was 16 years old when the offenses took place. With credit for pretrial custody, he has now served over 15 years of his life sentence. He filed a petition in the trial court for recall of his sentence and for resentencing pursuant to Penal Code section 1170, subdivision (d)(2). The trial court mistakenly treated the petition as one for resentencing under the Three Strikes Reform Act, Penal Code section 1170.126, and denied the petition because defendant had not been sentenced as a third striker. Defendant contends, and the People concede, that the trial court's ruling was in error. The order denying the petition must be reversed and the matter remanded for reconsideration as a petition brought under Penal Code section 1170, subdivision (d)(2).

FACTS AND PROCEDURAL HISTORY

Defendant was 16 years old in 1997, and a member of a local gang in Barstow. In April 1997, he was with three other gang members one day, when they decided to commit a carjacking. The four gang members went to an apartment complex to scout out a potential victim. The victim, Robert Chen, drove up to the apartment complex. Defendant and another gang member (Brock) approached the victim and ordered him out of the car. Defendant had a gun; he demanded the victim's keys. The victim got out, surrendering his car keys. He asked if he could remove his house keys, but defendant said, "no," and ordered the victim into the backseat. Defendant and another gang member (Pierfax) got into the backseat with the victim between them, while Brock got

2

into the front passenger seat, and the fourth gang member (Ortiz) got into the driver's seat.

Ortiz proceeded to drive to an unpopulated area. During the journey, defendant demanded the victim's wallet. Defendant took the wallet, removed cash, and divided the money among the gang members. Defendant also took the victim's watch. Ortiz stopped the car near a remote landfill. Defendant handed his gun to the front and Ortiz took it. Ortiz, Brock and defendant walked the victim some distance away from the car, where Ortiz shot and killed him.

The perpetrators left the victim's body at the landfill, and drove back to Pierfax's house, where they picked up his sister. They drove Pierfax's sister from Barstow to an apartment in Fontana, where they dropped her off. The perpetrators then returned to Barstow. They went to the home of another friend, where Ortiz hid the gun. They then disposed of the victim's car, leaving it on a street in Barstow.

Defendant was charged with special circumstances murder, kidnapping, carjacking and robbery. He was convicted in August 2000 of all charges and the special circumstances were found true. The trial court sentenced defendant to life in prison without the possibility of parole on the murder count, plus 10 years for an armed enhancement. The court also imposed, and stayed, sentences on count 2 (carjacking), count 3 (kidnapping), and count 4 (robbery). Defendant was awarded credit for 1,442 days of time served.

The probation report in defendant's case noted that defendant was from a mixed racial background. He was born in Germany, and was of German and Turkish extraction. Defendant did not know his father, and there was, at the time of the offenses, no father figure in the home. Defendant's mother worked outside the home and had little time to supervise defendant. Defendant had difficulties "fitting in," and turned to the gang group. He wanted to be accepted by his friends, and "although he knew better than to be involved in the activities this group engaged in, he complied with their desires in order to not be abandoned by the group."

Defendant probably would have benefited from a positive father figure, and in the absence of that, "he was willing to give the gang . . . his loyalty and the right to make decisions about what he would do and what would happen to him . . . ."

All the gang members were active participants in the crimes against the victim. Defendant brought the gun. Defendant demanded the car keys from the victim. Defendant ordered the victim into the backseat. Defendant took the victim's wallet and watch. Defendant gave the gun to Ortiz, who then used it to kill the victim. The probation officer did note that, "All four individuals appear to have been substantially involved in carrying out acts of criminal responsibility against this victim. This group was cohesive in nature and operated as a unit. David Ortiz was somewhat older than the others and was the shooter in this case. His role in that sense was somewhat greater. However, [defendant] handled the weapon, pointed it at the victim's head and threatened the victim. He was the one who gave the gun to David Ortiz so that he could shoot the

4

victim.  It is difficult, for these reasons, to separate culpability for one participant over the other.  However, there does seem to be some greater degree of responsibility possibly with the shooter."

In April 2013, defendant filed a petition in the superior court, seeking recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(2).  That section allows a defendant who was under 18 years of age at the time of the offense, and who has been sentenced to life without the possibility of parole, and who has served at least 15 years of the sentence, to petition for recall of the sentence and for resentencing.  "The petition shall include the defendant's statement that he or she was under 18 years of age at the time of the crime and was sentenced to life in prison without the possibility of parole, the defendant's statement describing his or her remorse and work towards rehabilitation, and the defendant's statement that one of the following is true:  [¶]  (i) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law.  [¶]  (ii) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.  [¶]  (iii) The defendant committed the offense with at least one adult codefendant.  [¶]  (iv) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing himself or herself of rehabilitative, educational, or vocational programs, if those programs have been available at his or her

classification level and facility, using self-study for self-improvement, or showing evidence of remorse." (Pen. Code, § 1170, subd. (d)(2)(B).)

Defendant's petition included all the required elements.

The trial court denied the petition. The court's minutes recite that "The Court has read and considered Petition for Recall of Sentence pursuant to PC1170.126. The Court finds that Petitioner does not satisfy the criteria in PC1170.126(e) and is not eligible. [¶] Defendant's current commitment offense is for [first degree murder, a] serious and violent felony. Defendant was not sentenced as a 3 striker. Defendant is therefore ineligible for resentencing."

Defendant appealed this ruling.

### ANALYSIS

As the record plainly shows, the trial court misapprehended the proper code provision under which defendant made his petition. Defendant was not proceeding under the Three Strikes Reform Act under Penal Code section 1170.126. As the trial court found, defendant was never sentenced as a third striker. However, that provision was wholly inapplicable. Instead, defendant expressly proceeded under Penal Code section 1170, subdivision (d)(2), a petition for recall of sentence by a person sentenced to life in prison without possibility of parole, for a crime committed while a juvenile.

The People concede the trial court's mistake, and agree that the order denying relief must be reversed, and the matter remanded for reconsideration under the provisions of Penal Code section 1170, subdivision (d)(2).

6

## DISPOSITION

The order denying defendant's petition is reversed. The trial court mistakenly considered the petition as one under Penal Code section 1170.126. The matter is remanded for adjudication of defendant's petition under the provisions of Penal Code section 1170, subdivision (d)(2).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

KING
J.

MILLER
J.

7